UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CHRISTOPHER GRANGER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:08 CV 232 |
| JEREMY WEBB, *et al.* | ) | |
| Defendants. | ) | |

## OPINION and ORDER

Christopher Granger, a *pro se* plaintiff, filed a complaint under 42 U.S.C. § 1983. (*Pro Se* Complaint, docket # 1). On July 22, 2008, Granger alleges that eight Fort Wayne police officers, Jeremy Webb, Chris Hoffman, Justin Holmes, Lisa Woods, Peter Mooney, Michael Voorhies, Michael R. McQueen, and Timothy Stein, physically assaulted him while he was in "mechanical restraints." He maintains Woods started the attack by hitting him in the face and kicking him in the groin. All of the other officers joined in "by kicking, kneeing, punching, and restraining" him while he was on the ground. Although Granger alleges he "briefly lost consciousness" as a result of this beating, he maintains Holmes refused to take him to the hospital. (Docket # 1 at 2-4.)

### SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) provides for the

dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks, and ellipsis omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted).[1]

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the

---

[1] *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1944-53 (2009) (explaining *Twombly,* 550 U.S. at 555).

complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless,

A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)) (quotation marks omitted).

## DISCUSSION

While he visited a friend, Granger says Holmes snatched open the door to the residence and ordered Granger outside; Granger complied. After searching him, Holmes put Granger in some type of restraining device. All of the officers except Woods were present while these events occurred. Then Woods appeared from the side of the building exclaiming she had found Granger's stash. Because Woods used a derogatory term to refer to him, Granger responded in kind referring to Woods as "bitch." Granger implies this exchange incited Woods to attack him and the others to join in. (Docket # 1 at 3.)

"The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v.*

*Connor*, 490 U.S. 386, 396 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979); the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham*, 490 U.S. at 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Id.* The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397.

Accepting Granger's version of events as true, as the court must, Granger was in restraints when the beating began. It is objectively unreasonable for eight police officers to physically assault a fettered arrestee. *See Sallenger v. Oakes,* 473 F.3d 731, 741 (7th Cir. 2007) (fact-finder could find it objectively unreasonable that officers administered closed-fist punches and flashlight blows after arrestee was handcuffed, continued to strike him after he had stopped resisting arrest, and failed to place him in the proper position after hobbling him); *see also Arrington v. United States,* 473 F.3d 329, 336-37 (D.C. Cir. 2006) (jury could reasonably find Fourth Amendment violation where suspect was punched, beaten, pistol-whipped, and attacked by a police dog after being disarmed

and handcuffed). Granger states a claim that defendants used excessive force against him in violation of the Fourth Amendment.

Granger also attempts to assert a claim for denial of medical treatment against Holmes, who he alleges took him directly to jail instead of first taking him to the hospital. Though the Eighth Amendment's proscription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "'deliberate indifference,' . . . the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). The standard is a high one. Conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner. That is, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain,

5

and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez*, 111 F.3d at 1373.

Granger does not describe the injuries he sustained so the court could determine whether they meet the serious medical need test. Although Granger says he briefly lost consciousness, he does not allege that anyone besides himself was aware of that. Granger's complaint that he did not receive "adequate" care implies he received medical treatment at the jail. (Docket # 1 at 5-60.) "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. [H]e is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). While Granger details defendants' actions in kicking, kneeing, and punching him, this is not enough to support an inference that he had a serious medical need so that Holmes's refusal to take him to the hospital demonstrated deliberate indifference.

For the foregoing reasons, the court:

(1) **GRANTS** Granger leave to proceed against Fort Wayne police officers, Jeremy Webb, Chris Hoffman, Justin Holmes, Lisa Woods, Peter Mooney, Michael Voorhies, Michael R. McQueen, and Timothy Stein in their individual capacities for monetary damages on his Fourth Amendment excessive use of force claim;

(2) **DISMISSES** Granger's Fourteenth Amendment claim of deliberate indifference to a serious medical need against Fort Wayne police officer Justin Holmes in his individual capacity;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the Clerk of this Court to transmit the summonses and USM-285s for Jeremy Webb, Chris Hoffman, Justin Holmes, Lisa Woods, Peter Mooney, Michael Voorhies, Michael R. McQueen, and Timothy Stein to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Jeremy Webb, Chris Hoffman, Justin Holmes, Lisa Woods, Peter Mooney, Michael Voorhies, Michael R. McQueen, and Timothy Stein; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Jeremy Webb, Chris Hoffman, Justin Holmes, Lisa Woods, Peter Mooney, Michael Voorhies, Michael R. McQueen, and Timothy Stein respond to the claim(s) upon which the Court grants Christopher Granger leave to proceed, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and LOCAL R. 10.1.

                                              **SO ORDERED**.

**DATED**: June 23, 2009

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT